IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT O. FEESE, | : | 1:13-cv-1578 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| THOMAS W. CORBETT, JR., *et al.*, | : | |
| Defendants. | : | |

# MEMORANDUM

## November 4, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Currently pending before the Court is Defendants' Motion to Dismiss (Doc. 18). For the reasons set forth below, that motion shall be granted.

**I.     FACTUAL BACKGROUND[1]**

Plaintiff's Complaint (Doc. 1) alleges that the Defendants destroyed evidence to which he was entitled while a defendant in a criminal case investigated and prosecuted by the Defendants. (Doc. 1 ¶ 21). Specifically, Plaintiff claims that the Defendants destroyed notes taken during the interviews of some 189 witnesses as part of an investigation into the illegal purchase of technological

---

[1] In accordance with the applicable standard of review, the following facts are derived primarily from Plaintiff's Complaint (Doc. 1) and viewed in the light most favorable to the Plaintiff.

equipment by the House Republican Caucus. (*Id.* ¶¶ 24-145). As a result of that alleged destruction, Plaintiff claims that he was deprived of his Due Process rights under the 5th, 6th, and 14th Amendments to the United States Constitution. (*Id.* ¶ 23). Plaintiff and others were prosecuted in state court for various crimes of public corruption. Although the issue of the allegedly destroyed evidence was raised by Feese and several others in pre-trial proceedings, the state trial court denied relief and, following a jury trial, Plaintiff was convicted of all the crimes with which he was charged. (*Id.* ¶¶ 70-93).

Plaintiff avers that "[h]ad the destroyed evidence been available at trial, it would have caused the jury to return a different verdict as to one, some, or all of the charges, or it would have otherwise undermined confidence in the outcome of the trial" and that "the destruction of the written notes was material to [his] guilt and/or sentence." (*Id.* ¶¶ 136-137). Plaintiff argues that "[a]s a direct and proximate cause of the Defendants' deliberate destruction of exculpatory evidence, Plaintiff suffered the denial of Constitutional rights, loss of freedom, loss of reputation, loss of income, pain and suffering and other damages . . . ." (*Id.* ¶¶ 154, 163, 167).

In addition to the case at bar, Mr. Feese is also pursuing a direct appeal to the Pennsylvania Superior Court, which heard argument on the case on March 5,

2013. (*Id.* ¶ 96). On September 18, 2013, the Superior Court issued an Order denying Mr. Feese's appeal. (Doc. 28 at 1). However, the matter remains pending before the Superior Court as, on or about October 24, 2013, Plaintiff filed an application for re-argument. (Doc. 28 at 2).

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint (Doc. 1) on June 12, 2013. On August 12, 2013, Defendants filed a Motion to Dismiss (Doc. 18). After requesting and receiving an extension of time to file a brief in support of the motion, Defendants filed their brief on September 9, 2013. Plaintiff filed a brief in opposition (Doc. 28) on November 1, 2013. Thus, the motion is fully briefed and ripe for disposition.

## III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the

complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 588 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### IV. DISCUSSION

There are two avenues under federal law by which a plaintiff can seek relief on complaints related to imprisonment: (1) a petition for habeas corpus and (2) a complaint under 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. *See Preiser v. Rodroguez*, 411 U.S. 475, 500 (1973). Requests for relief turning on circumstances of confinement may be presented in a § 1983 action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). The Supreme Court discussed this boundary separating habeas corpus and § 1983 in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. When a state prisoner seeks damages in a § 1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. *Id.* at 487. If it would, and the sentence has not already been invalidated, the

complaint must be dismissed. *Id*.

Defendants argue that the holding in *Heck* mandates the dismissal of Plaintiff's Complaint. We agree. Plaintiff is seeking to litigate issues inextricably linked with the validity of his convictions. Plaintiff alleges that he was deprived of his Due Process rights as a criminal defendant and, as a result, suffered harms caused by his wrongful conviction. Although Plaintiff has challenged and continues to challenge his conviction through direct appeal, his conviction has not been reversed, expunged, or in any way declared invalid. Therefore, Plaintiff's suit is barred by the Supreme Court's decision in *Heck* and shall be dismissed.

In Plaintiff's brief opposing Defendants' Motion to Dismiss, he anticipates that the application of *Heck* may cause the case to be dismissed and asks that the Court dismiss without prejudice so that he will be in a position to re-file the action in the future if relief is granted in state court with regard to his conviction. We will accommodate this request and dismiss without prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 18) is granted. Plaintiff's Complaint (Doc. 1) is dismissed without prejudice. An appropriate order shall issue.